UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

JEFFTE FLEURISMA,                                                      Petitioner,

v.                                                  Civil Action No. 4:26-cv-242-DJH

SAMUEL OLSON, Field Office Director,
Chicago Field Office, U.S. Immigration and
Customs Enforcement et al.,                                         Respondents.

\* \* \* \* \*

## MEMORANDUM AND ORDER

Petitioner Jeffte Fleurisma, a noncitizen resident of the United States currently detained in the Western District of Kentucky, seeks a writ of habeas corpus pending his removal proceedings. He alleges that his detention by immigration authorities violates the Immigration and Nationality Act, Administrative Procedure Act, and the Due Process Clause of the Fifth Amendment. (Docket No. 1) The parties agreed to forgo a show-cause hearing given the absence of a material factual dispute (*see* D.N. 6), and they have submitted briefs setting out their respective legal arguments (D.N. 9; D.N. 10; D.N. 12; D.N. 13). After careful consideration, the Court will grant Fleurisma's petition for the reasons explained below.

**I.**

Fleurisma is a native and citizen of Haiti. (D.N. 1, PageID.6 ¶ 23; D.N. 9-1, PageID.103) He entered the United States without inspection on January 31, 2024, and was apprehended by immigration authorities. (D.N. 1-7, PageID.70) Fleurisma was placed in removal proceedings the same day via a Notice to Appear, which designated him as an "arriving alien." (*Id.*) Fleurisma

1

was paroled pursuant to 8 U.S.C. § 1182(d)(5)(A).[1]   (D.N. 1, PageID.2 ¶ 2; *see* D.N. 1-3, PageID.29)  The parole expired on January 29, 2026.  (*See* D.N. 1-3, PageID.29)  Fleurisma has applied for asylum, temporary protected status, and employment authorization.  (*See* D.N. 1-4, PageID.31; *id.*, PageID.33; D.N. 1-5, PageID.36–48)  On January 29, 2026, federal immigration authorities arrested Fleurisma during an immigration check-in appointment. (D.N. 1, PageID.6 ¶ 27)  Fleurisma remains detained at the Hopkins County Jail in Madisonville, Kentucky.  (*Id.* ¶ 29)

Fleurisma seeks a writ of habeas corpus against Chicago U.S. Immigration and Customs Enforcement (ICE) Field Office Director Samuel Olson, Department of Homeland Security Secretary Markwayne Mullin, Acting U.S. Attorney General Todd Blanche, Acting Director of ICE Todd Lyons, and Hopkins County Jailer Mike Lewis.  (*See id.*, PageID.5 ¶¶ 18–22)  Fleurisma alleges that the government improperly revoked his parole and that his detention violates the Immigration and Nationality Act, 8 U.S.C. §§ 1225–1226; the Administrative Procedure Act; and due process under the Fifth Amendment.  (*See id.*, PageID.19–22 ¶¶ 58–75)  Fleurisma asks the Court to order his immediate release or a bond hearing.  (*See id.*, PageID.22)  Respondents argue that (1) Fleurisma is properly detained under 8 U.S.C. § 1225(b)(2) as an arriving alien and an applicant for admission who is seeking admission and (2) his detention does not violate due process under that provision.[2]  (*See* D.N. 9, PageID.95–99)  In reply, Fleurisma states that "in the time since [he] filed for habeas relief, he has received notice that his parole was terminated" and

---

[1] Parole under 8 U.S.C. § 1182(d)(5)(A) "permits a noncitizen to physically enter the [United States] . . . subject to a reservation of rights by the Government that it may continue to treat the noncitizen 'as if stopped at the border.'"  *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020)).
[2] Respondents do not contest that the Court has jurisdiction to review Fleurisma's petition (*see generally* D.N. 9).  *See Lopez v. Olson*, 815 F. Supp. 3d 576, 580 (W.D. Ky. 2025) ("Section 2241 [of title 28] confers jurisdiction [on district courts] to hear habeas corpus challenges to the legality of a noncitizen's detention." (citing *Rasul v. Bush*, 542 U.S. 466, 483–84 (2004))).  Nor do Respondents argue whether Fleurisma must exhaust administrative remedies.  (*See generally* D.N. 9)  Therefore, the Court will not address these issues.

argues that "[r]egardless of whether [his] parole expired . . . or was terminated . . . , [his] re-arrest and detention without a meaningful opportunity to be heard violates his due process rights."[3] (D.N. 10, PageID.176)

## II.

### A.      Immigration and Nationality Act

Fleurisma argues that § 1226(a) governs his detention and that he is entitled to a bond hearing.  (*See id.*, PageID.173–76)  Respondents argue that § 1225(b)(2) requires Fleurisma's detention on the ground that he is an arriving alien and an applicant for admission who is seeking admission.  (*See* D.N. 9, PageID.95–99)

The Court previously addressed nearly identical arguments regarding a similarly situated petitioner in *Quintero v. Olson*, No. 4:26-cv-34-DJH, 2026 WL 596643 (W.D. Ky. Mar. 3, 2026). The Court thus summarizes and incorporates by reference its reasoning and determination from that decision.  There, the petitioner was designated as an arriving alien; he was paroled under 8 U.S.C. § 1182(d)(5)(A) and overstayed his parole that had automatically expired.  *See id.* at *1. The Court found that upon the expiration of the petitioner's parole, he (1) was not automatically returned to mandatory detention; (2) remained an applicant for admission; and (3) was no longer an arriving alien.  *See id.* at *2–3.  The Court further explained that § 1225(b)(2)(A) did not apply to the petitioner's detention because although he was an applicant for admission, he was not "seeking admission" as that provision requires.  *See id.* at *3; *see also id.* at *2 (observing that "[p]arole 'shall not be regarded as an admission of the alien'" (quoting § 1182(d)(5)(A))). Specifically, the Court found that the petitioner was not seeking admission because he was in the

---

[3] Because the record shows that Fleurisma's parole automatically expired (*see* D.N. 1-3, PageID.29) and the Court concludes that his detention violates due process as explained below, the Court need not address whether the federal respondents improperly revoked Fleurisma's parole.

3

United States when immigration authorities arrested him. *See id.* at *3 (citing *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 487 (E.D.N.Y. 2025)). The Court concluded that § 1226(a) applied to the petitioner's detention because that provision "generally governs the process of arresting and detaining [noncitizens] once inside the United States." *Id.* at *2 (quoting *Chavez v. Dir. of Detroit Field Off.*, No. 4:25-cv-02061-SL, 2025 WL 2959617, at *4 (N.D. Ohio Oct. 20, 2025)).

These observations are supported by the Sixth Circuit's recent decision in *Lopez-Campos v. Raycraft*, Nos. 25-1965/1969/1978/1982, 2026 WL 1283891 (6th Cir. May 11, 2026). The Sixth Circuit found that "an 'applicant for admission' is not necessarily 'seeking admission'" for purposes of § 1225(b)(2)(A). *Id.* at *11. As the panel observed, the statute defines an "applicant for admission" as a noncitizen "present in the United States who has not been admitted," § 1225(a)(1), but it does not define "seeking admission," § 1225(b)(2)(A). *See Lopez-Campos*, 2026 WL 1283891, at *2–4. The Sixth Circuit held that "for a noncitizen to be 'seeking admission' under § 1225(b)(2)(A), the noncitizen must actively be in search of lawful entry into the United States via inspection and authorization by an immigration officer." *Id.* at *4. It rejected the argument that "any noncitizen who attempts to remain in the United States after being arrested and detained by immigration officials is 'seeking admission.'" *Id.* at *9.

Here, immigration authorities detained Fleurisma in the United States after he overstayed his parole. (*See* D.N. 1, PageID.6 ¶ 27; D.N. 1-3, PageID.29) Like the petitioner in *Quintero*, Fleurisma is no longer an arriving alien. *See* 2026 WL 596643 at *3. And although Fleurisma is an applicant for admission because he has not been admitted to the United States (*see* D.N. 9-1, PageID.104), he is not seeking admission because he is not "actively . . . in search of lawful entry into the United States via inspection and authorization by an immigration officer" despite remaining in the United States after immigration officials initially detained him upon entry (*see*

4

D.N. 1, PageID.6 ¶ 27).  *Lopez-Campos*, 2026 WL 1283891, at *4; *see id.* at *9.  Therefore, § 1226(a), not § 1225(b)(2)(A), governs Fleurisma's detention.  *See id.* at *11 (noting that "'§ 1226 applies to aliens already present in the United States' and 'creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings'" (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018))).  Fleurisma is thus entitled to a bond hearing.  *See id.* at *1 (affirming district courts' findings that petitioners were detained under § 1226(a) and thus entitled to bond hearings).

**B.    Due Process**

Fleurisma argues that his detention without a bond hearing violates due process under the Fifth Amendment.  (*See* D.N. 10, PageID.176–77)  Respondents argue that Fleurisma's detention comports with due process under § 1225(b)(2).  (*See* D.N. 9, PageID.95–99)  Because Fleurisma is detained under § 1226(a), not § 1225(b)(2), Respondents' due-process argument is inapposite.

In *Lopez-Campos*, the Sixth Circuit affirmed the district courts' determinations that "the government's detention of Petitioners without bond under § 1226(a) was a deprivation of liberty that violated Petitioners' due process rights" under the Fifth Amendment.  2026 WL 1283891 at *13.  But the Sixth Circuit did not require a particular remedy for that violation.  *See id.* at *11–13.  In accordance with *Lopez-Campos* and this Court's prior decisions addressing the same issue, the Court concludes that Fleurisma's detention without a bond hearing violates due process, *see id.* at *13, and will order his immediate release.[4]  *See Thuraissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention." (emphasis omitted)); *see also, e.g.*, *Singh v. Lewis*, No. 4:25-cv-133-DJH, 2025 WL 3298080, at *7 (W.D. Ky. Nov. 26,

---

[4] In light of this conclusion, the Court need not analyze the Administrative Procedure Act allegations (*see* D.N. 1, PageID.21–22 ¶¶ 69–75).  *See Choy v. Woosley*, No. 4:25-cv-197-DJH, 2026 WL 324601, at *6 (W.D. Ky. Feb. 6, 2026) (declining to consider Administrative Procedure Act claims after concluding that petitioner's detention violated due process).

5

2025) (ordering immediate release after concluding that petitioner's detention without a bond hearing violated due process); *Salinas v. Woosley*, No. 4:25-cv-121-DJH, 2025 WL 3243837, at *5 (W.D. Ky. Nov. 20, 2025) (same).

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)      Fleurisma's petition for a writ of habeas corpus (D.N. 1) is **GRANTED**. Respondents are **DIRECTED** to immediately release Fleurisma, and, in the event he is arrested and re-detained, provide him with a bond hearing before a neutral Immigration Judge in accordance with 8 U.S.C. § 1226(a).  Respondents **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **May 29, 2026**.

(2)      Upon receipt of the notice of compliance, this matter will be **CLOSED**.

May 27, 2026

**David J. Hale, Chief Judge**
**United States District Court**

6